UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YEM TUONG NGUYEN<br>  FED. REG. 15106-041 | CIVIL ACTION NO. 6:13-cv-3270 |
| VS. | SECTION P |
| | JUDGE HAIK |
| JUDGE DOHERTY | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Yem Tuong Nguyen, proceeding *in forma pauperis*, filed the instant civil rights action  pursuant to pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[1] on December 19, 2013.  Nguyen is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.  Nguyen names United States District Judge Rebecca Doherty and United States District Judge Richard H. Kyle as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief from a defendant who is immune from suit.

---

[1] In *Bivens*, the United States Supreme Court implied a cause of action for damages against federal officials, who allegedly violate the Constitution, that is comparable to the statutory cause of action permitted against state officials under 42 U.S.C. § 1983.

## Statement of the Case

The records of the United States District Court for the District of Minnesota establish that Nguyen was convicted of a sex offense on July 19, 2010, for which Judge Kyle sentenced Nguyen to 90 months imprisonment in the criminal prosecution entitled *United States of America v. Yem Nguyen,* Docket No. 0:10-cr-00058.  Thereafter, Nguyen was apparently sent to  the Federal Correctional Institution in Oakdale, Louisiana to serve his sentence.

On December 19, 2013, Nguyen submitted a hand-written "Affidavit of Claim" and associated documents to the Clerk of Court for filing.  The documents purport to appoint Judge Doherty as Nguyen's "trustee."  He requests that Judge Doherty "discharge" and "eliminate[] from the record" his criminal conviction and, additionally, seeks compensation of $150,000,000 "for damages for redemption, which [he] suffered while being in this prison." [Doc. 1].

Based upon these allegations, although Nguyen noted the docket number of his federal criminal proceeding on his "Affidavit of Claim", the filing was construed as a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Nguyen was accordingly directed to either pay this Court's filing fee or apply for *in forma pauperis* status; Nguyen was also provided a copy of this Court's standardized civil rights

complaint form.[2] [Doc. 3].

In response, Nguyen filed a motion to proceed *in forma pauperis* [Doc. 5] and an amended complaint on the form provided by the Court. [Doc. 4]. On January 21, 2014, Nguyen was granted *in forma pauperis* status. [Doc. 7].

In his amended *Bivens* complaint, Nguyen names Judge Doherty and Judge Kyle as defendants. In his Statement of Claim, Nguyen recounts the history of his criminal prosecution. Nguyen prays for relief as follows: "As being a beneficiary of the 'trust', I want you to release me immediately and discharge this matter and all matters pertaining whereof I am accused. And be compensated for my redemption." [Doc. 4].

**Law and Analysis**

**I. Screening**

Plaintiff is an incarcerated prisoner, who was permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under

---

[2]*See* Local Rule 3.2 which provides as follows:
Every complaint filed by a prisoner who is not represented by an attorney (i.e., who is proceeding *pro se*) complaining of violation of their constitutional rights (including state prisoners and federal prisoners) or seeking a writ of *habeas corpus* under 28 U.S.C. §2241 and 28 U.S.C. §2254 shall be typed or legibly written on forms supplied by the court and signed by the prisoner. . . . A prisoner who is unable to pay the filing fee and service costs may petition the court on forms supplied by the court to proceed in *forma pauperis*. . . .

§ 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

District courts may dismiss an *in forma pauperis* complaint as frivolous under § 1915(d) if it lacks an arguable basis in law or fact. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.; Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215

(2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. *Habeas Corpus* Relief

Nguyen implies that his incarceration is unlawful and, that he is therefore entitled to an immediate release from custody. However, such relief is not available in a civil rights action. Release from custody is available, if at all, in a *habeas corpus* action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)(A *habeas corpus* petition is the proper vehicle to seek release from custody); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*."). Since release from custody is not available in this civil rights proceeding, that aspect of Nguyen's complaint must be dismissed for failing to state a claim for which relief may be granted.

**III.** *Heck v. Humphrey*

In addition to requesting release from custody, Nguyen also prays for monetary damages to compensate him for his alleged mental suffering as a result of his incarceration.  It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371.  Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*   *Heck* applies to *Bivens* actions. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994); *Cronn v. Buffington*, 150 F.3d 538,

541 (5th Cir. 1998).

Nguyen's conviction and sentence have not been reversed, expunged, or declared invalid. While Nguyen implies that he is falsely imprisoned, if the court were to grant him monetary relief, such a ruling would necessarily implicate the validity of his sentence. Accordingly, Nguyen's damage claim is barred by *Heck*. This claim must therefore be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Furthermore, because under *Heck* Nguyen must demonstrate that his conviction, adjudication and sentence have been reversed, invalidated, or expunged before bringing a civil rights action, Nguyen's claim for monetary damages is also subject to dismissal as "legally frivolous". *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996).

**IV. Judicial Immunity**

Despite the applicability of *Heck*, a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915 determination. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd*, 31 F.3d at 284; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). "A judge is absolutely

7

immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Boyd*, 31 F.3d at 284 *citing Young v. Biggers*, 938 F.2d 565, 569 fn. 5 (5th Cir. 1991).

Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting

maliciously and corruptly." *Mireles*, 502 U.S. at 11 *quoting Pierson*, 386 U.S. at 554. In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that [courts] must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that she acted in the complete absence of jurisdiction. *Boyd,* 31 F.3d at 284 *citing Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288. A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Id.* at 285 *citing Mireles*, 112 S.Ct. at 288 *quoting Stump*, 435 U.S. at 362. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina,* 994 F.2d at 1125. Federal District Courts have exclusive original subject matter jurisdiction over all federal felony criminal proceedings.

Plaintiff's allegations demonstrate that the complained of actions of Judge Kyle were judicial in nature, and were taken in connection with Nguyen's federal criminal proceeding, a felony criminal case within the jurisdiction of the federal District Court in Minnesota to which Judge Kyle was appointed. Nguyen apparently faults Judge Kyle for ordering his incarceration. The sentencing of a criminal defendant is clearly an act which constitutes a normal judicial function. As such, Judge Kyle is entitled to absolute judicial immunity, and Nguyen's claim for monetary damages must be dismissed.

### V. "Affidavit of Claim" Allegations

As set forth above, Nguyen commenced this civil action by filing a hand written document entitled "Affidavit of Claim for the Record." In that document Nguyen identified himself as a beneficiary of a trust and purportedly appointed Judge Doherty as trustee asking Judge Doherty to "discharge" and "eliminate[] from the record" his criminal conviction. He additionally sought compensation of $150,000,000 for damages he suffered while being incarcerated. [Doc. 1]. Nguyen also submitted an IRS Form 2848 "Power of Attorney and Declaration of Representative" as well as a copy of the BOP's "Sentence Monitoring Computation Data" form. The latter document contains a hand-written notation "Discharge Pursuant to UCC 3-601, 3-305" and is signed "Yem Nguyen Without Prejudice UCC 1-207 under protest." [Doc. 1-1].

By these documents, Nguyen apparently believes that Judge Doherty owes a fiduciary duty to him requiring her to vacate Nguyen's criminal conviction and sentence and further requiring Judge Doherty to compensate him for mental suffering which he endured during his incarceration which was ordered by Judge Kyle.

Nguyen's allegations are clearly baseless, fanciful, and fantastic and his claim is clearly based on an undisputably meritless legal theory. Accordingly, Nguyen's "claims" set forth in his affidavit, power of attorney, and discharge of liability under the Uniform Commercial Code [Docs. 1 and 1-2] should be dismissed as frivolous and as failing to state a claim upon which relief may be granted. *Macias , Neiztke, Gonzalez, Hicks,*

*Booker,* and *Denton, supra.*

## Recommendation

Based on the above;

**IT IS RECOMMENDED** that Nguyen's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief from a defendant who is immune from suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, on July 17, 2014.

*[signature: C. Michael Hill]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

11

```
Copy sent:  RTH
On:  7/18/2014
By:  MBD
```